PETER G. SIMPSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Simpson v. Commissioner
Docket No. 16967-91
United States Tax Court
T.C. Memo 1992-543; 1992 Tax Ct. Memo LEXIS 566; 64 T.C.M. (CCH) 742; September 15, 1992, Filed *566 For Peter G. Simpson, pro se. For Respondent: Robert M. Finkel. SWIFT
SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: This matter is before us on respondent's motion to dismiss for failure to state a claim for relief with respect to 1985, 1986, 1987, and 1988, and on respondent's motion to dismiss for lack of jurisdiction with respect to 1985, 1986, 1987, and 1989. Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)(A)
6653(a)(1)(B)
6653(a)(1)
1985
$ 6,431
$ 1,577
$ --
--
$ 322
1986
5,522
1,015
276
*
--
1987
6,284
1,218
314
*
--
1988
8,388
1,704
--
--
419
Sec.
Sec.
Year
6653(a)(2)
6654(a)
1985
*
$ 358 1986
__
179 1987
__
__ 1988
__
424 FINDINGS OF FACT On April 25, 1990, respondent mailed notices of deficiency *567 to petitioner for 1985, 1986, and 1987. On April 30, 1991, respondent issued a notice of deficiency to petitioner for 1988. Respondent has not determined a deficiency in petitioner's 1989 Federal income tax. On July 26, 1991, petitioner filed a petition in this case that did not comply with the rules of the Tax Court with respect to the form and content of a proper petition. On July 31, 1991, petitioner was ordered by the Court to amend his petition in order to comply with Rule 34(b), which amended petition was filed on September 30, 1991. [1]
Petitioner's amended petition makes no factual claims of error in respondent's determinations of petitioner's Federal income tax liability for 1985, 1986, 1987, 1988, and 1989; rather, petitioner claims only that he has made attempts to make payments on his tax liabilities. We *568 ordered petitioner to file a second amended petition, which petitioner failed to do. On November 1, 1991, petitioner's case was set for a hearing on respondent's motion to dismiss for failure to state a claim for relief. Petitioner failed to appear. Petitioner also failed to obey this Court's order to file a response to respondent's motion to dismiss for lack of jurisdiction. OPINION For a taxpayer to maintain an action in this Court, there must be both a valid notice of deficiency and a timely filed petition. Secs. 6212, 6213; Rules 13(a), 13(c). Taxpayers residing within the United States have 90 days in which to file a petition with the Court, otherwise the Court has no jurisdiction to hear their disputes. Sec. 6213(a); , affd. without published opinion . Respondent's notices of deficiency with respect to petitioner's Federal income tax liability for 1985, 1986, and 1987 were mailed to petitioner on April 25, 1990. The statutory period for filing a petition in this Court with respect to these years expired on July 24, 1990 (90 days after April 25, 1990). Thus, *569 the Court lacks jurisdiction over petitioner's petition, filed on July 26, 1991, with respect to respondent's determinations of deficiency and additions to tax against petitioner for 1985, 1986, and 1987. Sec. 6213(a). No statutory notice of deficiency has been mailed to petitioner with respect to petitioner's Federal income tax liability for 1989. We, therefore, have no jurisdiction over petitioner's claim involving that year. Rule 13(a). Petitioner's petition, however, was timely filed with regard to respondent's determination of petitioner's Federal income tax liability for 1988, and respondent does not claim otherwise. Respondent, however, claims that under Rule 34(b)(4) petitioner's initial and amended petition with regard to 1988 fail to allege any assignment of error in respondent's determination. We agree. Petitioner does not make a single allegation of error with regard to respondent's determination of petitioner's 1988 Federal income tax liability. In , we stated: Any citizen may resort to the courts whenever he or she in good faith and with a colorable claim desires to challenge * * * [respondent's] *570 determination; but that does not mean that a citizen may resort to the courts merely to vent his or her anger and attempt symbolically to throw a wrench at the system. * * * Because petitioner has not raised any assignment of error regarding respondent's determination of his 1988 Federal income tax liability, we will grant respondent's motion to dismiss as to 1988. An appropriate order will be entered. Footnotes
*. 50 percent of the interest due on the portion of the underpayment due to negligence.↩
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the years in issue.↩